# Hilton v. Linton et al.

A Justice of the Peace cannot meddle with or disturb a judgment entered by him except: First—at the instance of the Appellant and with the consent of the adverse party; Second—in cases of judgment by default on satisfactory evidence that he was absent when the process was served and Third—in attachment proceedings under the Act of July 12, 1842; under the Act of 1810. If the adverse party refuses to consent the judgment remains unaffected.

APPEAL *Nunc Pro Tunc*—OPENING JUDGMENT—RE-HEARING.

No. 131, March Term, 1902, C. P. of Armstrong Co.

Certiorari to Wm. Brown, J. P.

W. L. Peart, Esq., for P. R. E. E. Linton, et al., Plaintiff.

C. E. Harrington, Esq., for H. B. Hilton, Defendant.

Opinion by PATTON, P. J.

## STATEMENT OF FACTS AGREED UPON BY COUNSEL.

In the above case we agree to the following facts; which shall be considered by the Court the same as though they were conclusively proven by evidence regularly taken:

1st. That Mrs. Hilton was present in Court Dec. 3rd, 1901, when the case was continued to Dec. 9th, 1901.

2nd. That Miss McGraff was not subpoenaed to appear as a witness on the case Dec. 9th.

3rd. At the trial Dec. 9th the evidence on part of Plff. was closed, and the Court refused to hold the case over to hear further evidence on part of Plff.

4th. When petition was presented by Plff. Dec. 30th, to open the case Defts. objected and refused to consent that the case might be opened, and at the trial January 6th, 1902, Defts. objected to the trial and insisted that the Court had no right to proceed, and defendants offered no evidence and took no part whatever in the trial only to object to the right of the Court to try the case.

Hilton v. Linton et al.

5th. That after evidence of Mrs. Hilton, Dec. 9th, Plff. insisted that the case should be held over for further evidence, Deft. objected and Court peremptorily closed the evidence on part of Plff., she having no further witnesses present.

6th. Prior to the opening of the trial the Justice of the Peace told Atty. for Plff. that he would hold the case open to hear the evidence of Miss McGraff when she would arrive from Pittsburg.

7th. The reason for setting the trial for Dec. 9th was A. F. Linton stating to the Court that he must leave Kittanning on business and could not stay for a later date. He did not go for a long time after the trial.

And further facts agreed upon by counsel orally before the Court in the argument shall be considered as though they were written with the above.

C. E. Harrington, Atty. for Plff.
W. L. Peart, Atty. for Defts.

OPINION FILED NOV. 7th, 1902.

On Dec. 9th, 1901, the plaintiff and defendants appeared before Wm. Brown, Esq., a Justice of the Peace, who heard their proofs and allegations and on Dec. 11th, 1901, rendered a judgment in favor of the defendants for costs. On Dec. 30th, 1901, Mrs. Hilton filed a petition with the Justice asking to have the judgment opened, and upon the same day the Justice upon notice and in the presence of the defendants' counsel, struck off the judgment and fixed Jany. 6th, 1902, for a re-hearing. On Jany. 6th, 1902, after hearing he gave judgment in favor of the plaintiff for $55 and costs. It is admitted by paper filed that on Dec. 30th, 1901, that the defendants objected and refused to consent that the case might be re-opened and on Jan. 6th, 1902, Defts. objected to a re-trial and to the right of the Justice to re-hear the same. Had the Justice the right to open the judgment? The identical question has been so often decided that in our opinion it is no longer open to debate.

Hilton v. Linton et al.

In Stockdale v. Campbell, 1 Phila. 520, Judge Allison held that a "Justice cannot meddle with or disturb a judgment entered by him except: *First* at the instance of the appellant and with the *consent* of the adverse party. *Second,* in cases of *judgment by default* on satisfactory evidence that he was absent when the process was served; and *Third,* in *attachment proceedings* under the Act of July 12th, 1842; under the Act of 1810. "If the adverse party refuse to consent the judgment remains unaffected." Russell v. Smith, 1 Phila. 425. The unbroken current of decisions has sustained these rulings for more than half a century. Among others are Gregg v. Ashenfelder, 5 Phila. 468, Nippes v. Kirk, 8 Phila. 299, Long v. Caffray, 8 Phila. 546, Haines v. Hillary, 9 Phila. 526, Benyon v. Peterson, 7 Kulp 259 (Opinion of Judge Rice in 1894), Dobson v. Bohan, 5 Kulp 94.

The only case which at first blush would seem to have a contrary doctrine is the one cited to us of Galley v. Davenport, 1 Ash. 149. But that is a mere dictum of Judge King made in 1828, it not appearing from the report of the case that the Acts of Assembly governing this case was called to his attention. This was the conclusion reached by Judge Bell in McNamara v. McIntosh, 5 District Reports 123, in which we agree. We think the true rule is laid down by Judge Rice in Benyon v. Peterson 7 Kulp 259, "After a Justice of the Peace has entered judgment in an action he has no authority to open it, or to re-hear the case and enter a different judgment except under the circumstances and in the manner provided by the Statute." We are unable under the law to allow the plaintiffs to appeal *nunc pro tunc*. The plaintiff was not misled by the Justice or the adverse party. Men ignorant of the law is not sufficient cause for allowing an appeal *nunc pro tunc*. If the plaintiff has a just claim it is hard that she should lose it but if on Dec. 30, 1901, she had taken her appeal instead of asking that the judgment should be opened, she could have had a fair trial before a jury. The practice of law before Justices would be intolerable if they could open cases after final judgment had been entered, upon any whim or pretense that might occur to them.

And now, Mar. 7, 1902, the judgment of the Justice of Jan. 6, 1902, is reversed and set aside, and the judgment of Dec. 11, 1901, in favor of the Deft. for costs is affirmed. The defendant in error, Mrs. H. B. Hilton, to pay the costs of this certiorari.

Reported by McCain & Christy, Esqs.,

Kittanning, Pa.